## APPEAL OF BAXTER D. McCLAIN.

Docket No. 3578.   Submitted June 29, 1925.   Decided September 30, 1925.

> Expenses incurred by taxpayer in moving his family and household effects from one city to another because he had accepted employment in the other city, are not deductible as ordinary and necessary business expenses or as traveling expenses incurred in pursuit of a trade or business.

*Ellis W. Manning, Esq.*, for the Commissioner.

Before STERNHAGEN, LANSDON, GREEN, and LOVE.

This is an appeal from the determination of a deficiency in income tax of $76.53 for the year 1923. There was no appearance for the taxpayer. The appeal was submitted on the pleadings. The petition contains allegations of error by the Commissioner in refusing to allow as deductions the following items:

Moving expenses_____ $578.59
Insurance _____ 107.25
Contributions_____ 100.00

and also error in the method of computing the tax. The Commissioner in his answer denies the allegations of error with respect to the computation, and also the allegations with respect to the items of insurance and contributions. In the absence of evidence there is nothing for us to consider upon these issues. The facts with respect to the item of $578.59 are admitted.

### FINDINGS OF FACT.

In 1921 the taxpayer was a resident of Iola, Kans. In the latter part of that year he entered into a contract of employment with the International Cement Corporation, in which he agreed to become secretary and counsel for the corporation, with headquarters at its office in New York City. The corporation agreed to pay him a fixed annual salary, and further agreed to pay the traveling expenses of the taxpayer and his family from Iola to New York City, as well as the freight on his household goods. The taxpayer paid out for traveling expenses and freight the sum of $578.59, which sum he received from the corporation and included in his income-tax return.

### DECISION.

The determination of the Commissioner is approved.

### OPINION.

STERNHAGEN: The petition contains an argument that since the contract of employment provides for the payment by the employer

of the moving expenses, they are therefore business expenses. It may be that the payment made by the employer is a business expense so far as he is concerned, but the mere fact that the taxpayer receives this amount under the contract does not determine the character of the expenditure made by the taxpayer. What we have to consider here is whether or not the amount, when expended by the taxpayer, is in the nature of an ordinary and necessary expense paid or incurred by him " in carrying on any trade or business," or is traveling expenses " while away from home in the pursuit of a trade or business " (the quotations being the language of the Act of 1921). The taxpayer changed the place of residence of himself and his family to another city, for the purpose of entering upon new employment in that city. As compensation under the contract of employment, he received, in addition to salary, the amount of the moving expenses. The expenditure when made by him, we think, was purely a personal and family expense, and we can see no basis in reason for finding that they were incurred in carrying on a trade or business, or in pursuit of a trade or business of either the taxpayer or his employer.

ARUNDELL not participating.